IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/<br>　　　　Respondent,<br><br>　vs.<br><br>OSCAR RODRIGUEZ,<br><br>　　　　Defendant/<br>　　　　Petitioner. | No. CR-F-98-5149 OWW<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER OSCAR RODRIGUEZ'S SECOND MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

On August 31, 2009, Petitioner Oscar Rodriguez, proceeding *in pro per,* filed a second motion for modification of sentence pursuant 18 U.S.C. § 3582(c)(1), contending that he is entitled to modification of his sentence pursuant to Amendment 591 to the Sentencing Guidelines.[1]

Petitioner was found guilty by jury verdict of conspiracy to

---

[1] On May 27, 2008, Petitioner filed a motion to correct sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 715 to the Sentencing Guidelines. This motion was denied by Order filed on July 24, 2008.

1

1  distribute and to possess with intent to distribute cocaine in
2  violation of 21 U.S.C. §§ 841(a)(1) and 846.  Petitioner was
3  sentenced on May 30, 2000 to a term of imprisonment of 235
4  months.  Petitioner's conviction and sentence were affirmed on
5  appeal.  *United States v. Rodriguez,* 2002 WL 1881119 (9th
6  Cir.2002).  Petitioner's motion to vacate, set aside or correct
7  sentence pursuant to 28 U.S.C. § 2255 was denied by Order filed
8  on July 23, 2004.

There is no dispute that Amendment 591 is retroactive and that Petitioner may seek a reduction of sentence pursuant to Section 3582(c) based on retroactive application of Amendment 591.[2]

Prior to Amendment 591, §1B1.1(a) of the Sentencing Guidelines provided:

---

[2] **18 U.S.C. § 3582(c)(2) provides in pertinent part:**

> (c) Modification of an imposed term of imprisonment. - The court may not modify a term of imprisonment once it has been imposed except that -
>
> ...
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

> (a) Determine the applicable offense guideline section from Chapter Two. <u>See</u> §1B1.2 (Applicable Guidelines). The Statutory Index (Appendix A) provides a listing to assist in this determination.

§1B1.2(a) provided:

> Determine the offense guideline in Chapter Two (Offense Conduct) most applicable to the offense of conviction (<u>i.e.</u>, the offense conduct charged in the count of the indictment or information of which the defendant was convicted). *Provided*, however, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.

Effective November 1, 2000, pursuant to Amendment 591, these Sentencing Guidelines sections were amended:

> Section 1B1.1 is amended by striking subsection (a) in its entirety and inserting:
>
>> '(a) Determine, pursuant to §1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. <u>See</u> §1B1.2.'
>
> Section 1B1.2(a) is amended by striking 'most' each place it appears; by striking 'Provided, however' and inserting 'However'; and by adding at the end the following:
>
>> 'Refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction. If the offense involved a conspiracy, attempt, or solicitation, refer to §2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the

```
                    Statutory Index for the substantive
                    offense.  For statutory provisions
                    not listed in the Statutory Index,
                    use the most analogous guideline.
                    See §2X5.1 (Other Offenses).  The
                    guidelines do not apply to any
                    count of conviction that is a Class
                    B or C misdemeanor or an
                    infraction.  See §1B1.9 (Class B or
                    C Misdemeanors and Infractions).'
```

**Amendment 591 sets forth the "Reason for Amendment:"**

> **This amendment addresses a circuit conflict regarding whether the enhanced penalties in §2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual ....**
>
> **In promulgating this amendment, the Commission also was aware of case law that raises a similar issue regarding selection of a Chapter Two (Offense Conduct) guideline, different from that referenced in the Statutory Index (Appendix A), based on factors other than the conduct charged in the offense of conviction ....**
>
> **The amendment modifies §§1B1.1(a), 1B1.2(a), and the Statutory Index's introductory commentary to clarify the inter-relationship among these provisions.  The clarification is intended to emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited 'stipulation' exception set forth in §1B1.2(a).  Therefore, in order for the enhanced penalties in §2D1.2 to apply, the defendant must be convicted of an offense referenced to §2D1.2, rather than simply have engaged in conduct described by that guideline.  Furthermore, the amendment deletes Application Note 3 of §1B1.2 (Applicable Guidelines), which provided that**

4

> in many instances it would be appropriate for the court to consider the actual conduct of the offender, even if such conduct did not constitute an element of the offense. This application note describes a consideration that is more appropriate when applying §1B1.3 (Relevant Conduct), and its current placement in §1B1.2 apparently has caused confusion in applying that guideline's principles to determine the offense conduct guideline in Chapter Two most appropriate for the offense of conviction. In particular, the note has been used by some courts to permit a court to decline to use the offense guideline referenced in the Statutory Index in cases that were allegedly 'untypical' or 'outside the heartland.' ....

Petitioner contends that "the jury made no finding as to the quantity of drugs in either the attempt or conspiracy offense." Therefore, Petitioner asserts:

> Amendment 591 is the appropriate vehicle, because, of the selection of the offense relevant guideline. Furthermore, Amendment 591 stated that if the offense involved a conspiracy, or attempt, or solicitation refer to guideline, under 2X1.1. Moreover, the petitioner's assert that he did no(t) completed the substantive offense. However, the arrest occurs well before, the petitioner's has completed the acts, necessary for the substantive offense. For this reason a decrease of Three (3) level is provided under Scc. 2X1.1(b) or (2). From Level (38), to Level (35) [sic].

Petitioner's motion is without merit. Pursuant to the Presentence Investigation Report, which used the 1998 Sentencing Guidelines:

> 22. Base Offense Level: The defendant was convicted of violation of 21 USC 841(a)(1) and 846, Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine. The applicable guideline for this offense is found under USSG 2D1.1. The base offense

5

> **level is predicated on the amount of drugs involved. As the defendant was found guilty of a conspiracy count, pursuant to USSG 1B1.3(a)(1)(B), in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), the offense level calculations shall be determined considering all reasonably forseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.**
>
> **23. In this offense, at the time of the defendant's arrest, over 350 kilograms of cocaine was seized, all of which was foreseeable and attributable to the defendant Pursuant to USSG 2D1.1(c)(1), 350 kilograms of cocaine equates to a base offense level of 38, the highest level identified in the Drug Quantity Table.**

Amendment 591 applies to the selection of the offense level guideline, not to the base offense level. *United States v. Rivera*, 293 F.3d 584, 586 (2nd Cir.2002); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir.2005), *cert. denied*, 547 U.S. 1050 (2006). Here, the offense level guideline, USSG §2D1.1 was based on the statute of conviction, not on other conduct. Petitioner's contention that he is entitled to modification of his sentence pursuant to Amendment 591 because the Court, not the jury, determined the amount of drugs involved in the offense of conviction, is without merit. Petitioner's argument is based on the Supreme Court decisions in *Apprendi, Blakely and Booker*. Under the plain language of Section 3582(c)(2), only changes to the Sentencing Guidelines made by the Sentencing Commission after the defendant's sentencing hearing, not Supreme Court decisions,

6

can be used as a basis for a Section 3582(c)(2) motion.

Petitioner's reference to USSG §2X1.1 is unavailing.  USSG §2X1.1 pertains to "Attempt, Solicitation, or Conspiracy (Not Covered by a Specific Offense Guideline)" and provides:

> (a) Base Offense Level: The base offense level from the guideline for the substantive offense, plus any adjustment from such guideline for intended offense conduct that can be established with reasonable certainty.

Petitioner's base offense level was determined under §2D1.1.  Application Note 1 to §2X1.1 explains that certain attempts, conspiracies, and solicitations are covered by other offense guidelines and states that offense guidelines that expressly cover conspiracies include §2D1.1.  Because Petitioner's offense was covered by a specific offense guideline, §2X1.1 does not apply and provides no basis for modification of Petitioner's sentence.  *See United States v. Smith*, 2004 WL 259228 (6th Cir.), *cert. denied,* 541 U.S. 1082 (2004); *United States v. Augarten*, 2003 WL 23095537 (6th Cir.2003), *cert. denied*, 541 U.S. 1004 (2004); *United States v. Shipp*, 2002 WL 1732603 (7th Cir.2002).

Petitioner's contention that he is entitled to modification of his sentence because he was arrested before he completed the acts necessary the crime of conspiracy of which he was convicted is barred by the express terms of Section 3582(c)(2) and by the fact that his conviction has been affirmed on appeal and his Section 2255 motion denied.  Amendment 591 has no relevance to these claims.

For the reasons stated:

1. **Petitioner Oscar Rodriguez's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.**

IT IS SO ORDERED.

**Dated:   September 14, 2009**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE